IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DARRELL L. SANDERS, | : |
| Petitioner, | : |
| | : NO. 5:09-CV-324 (CAR) |
| VS. | : |
| TAMALA BROWN, | : |
| | : Proceedings Under 28 U.S.C. §2254 |
| Respondent. | : Before the U.S. Magistrate Judge |

## RECOMMENDATION

Before the Court is Petitioner Darrell L. Sanders' 28 U.S.C. § 2254 petition seeking habeas corpus relief. Doc. 1. The petition contains two grounds, each alleging federal due process and state law violations relating to the trial court's admission of certain evidence. As both grounds are procedurally defaulted or fail to state a claim, **IT IS RECOMMENDED** that the instant petition be **DENIED**. Also before the Court is Petitioner's Motion to Stay proceedings. Doc. 11. In view of the Court's recommendation to dismiss the instant petition, Petitioner's motion is **DENIED** as moot.

PROCEDURAL HISTORY

In August, 2007, a Putnam County, Georgia jury found Petitioner guilty of three counts of sexual exploitation of children and one count each of child molestation, contributing to the delinquency of a minor, and Violation of the Georgia Controlled Substances Act (distribution of marijuana). Petitioner was sentenced to a total of eighty years incarceration to be followed by ten years on probation.

After sentencing, through Attorney G.B. Moore, III, Petitioner filed a motion for a new trial alleging that the trial was prejudiced by excessive media coverage and that the verdict was contrary to the evidence and the law. Resp. Ex. 2, p. 98 (Doc. 9-3). On September 28, 2006, two days after

Petitioner's initial motion for new trial was filed, a second motion for new trial was filed on his behalf of by Attorney Robert P. Westin alleging similar grounds. Resp. Ex. 2, p. 100 (Doc. 9-3).

On January 22, 2007, Petitioner retained Attorney Kenneth W. Sheppard who filed an amended motion for new trial on February 13, 2007. After restating all of the alleged errors in the previous two motions, Attorney Sheppard added multiple claims of trial court error, ineffective assistance of trial counsel, and improper conduct by the state both prior to and during the trial. Resp. Ex. 2, pp. 137-149 (Doc. 9-3). Following a hearing, the motion was denied. Resp. Ex. 2, p. 201 (Doc. 9-4).

Petitioner, again through Attorney Sheppard, next filed a direct appeal alleging five enumerations of error: 1) Improper admission of "Bent of Mind" evidence; 2) Improper admission of "Bathtub Photos"; 3) Improper denial of motion for new trial; 4) Improper refusal to consider new evidence; and, 5) Ineffective assistance of trial counsel. Doc.9-1, pp. 3-31. After review, the Georgia Court of Appeals affirmed Petitioner's convictions and sentences and denied his subsequently filed motion for reconsideration. See Sanders v. State, No. A07A2429 (Ga. App. Feb. 5, 2008); Resp.'s Ex. D (Doc. 9-2). Soon thereafter, the Georgia Supreme Court denied his application for certiorari. See No. S08C1107 2008 Ga. LEXIS 591 (Ga. June 16, 2008). Petitioner did not seek certiorari in the United States Supreme Court or file a state habeas corpus petition. Id.

On September 12, 2009, Petitioner filed the instant federal habeas petition.[1] In his petition, Petitioner enumerates two grounds for relief. These grounds allege that the admission of "bathtub photos" and certain "bent of mind" evidence at trial violated his rights under the Due Process Clause

---

[1] The instant petition was also filed through Attorney Kenneth W. Sheppard who, according to the docket report in this action, remains as Petitioner's counsel of record.

of the United States Constitution and the laws of the State of Georgia.

STATEMENT OF FACTS

In accordance with 28 U.S.C. § 2254(e)(1), and for purposes of considering the instant petition, the facts as found by the Georgia Court of Appeals on direct appeal of Petitioner's criminal case are adopted by this court. The Court of Appeals outlined the following facts:

> The evidence at trial, taken in the light most favorable to support the verdict, was as follows. Sanders, an officer with the Eatonton Police Department, lived with his wife Jennifer and her daughter, who was 14 at the time of the incidents in question. Sanders's stepdaughter testified that after her mother married Sanders, both her mother and Sanders would buy alcohol for her and her friends. She said that Sanders would bring marijuana home and she and Sanders and her mother smoked it. On the night in question, she said that several of her friends were at her house and Sanders and her mother provided alcohol and marijuana for them. She said that Sanders took pictures of her breasts and also the breasts of two of her friends.
>
> K.D., who was 14 years old at the time of the incidents, testified that she was friends with Jennifer Sanders's daughter and that Jennifer Sanders called her and asked her to come to their house for a party. At the party, K.D. and several of the other guests were in Jennifer Sanders's bedroom when Darrell Sanders got home from work. K.D. said that Sanders "rolled a joint" and they all smoked it. Sanders asked K.D. if he could take a photograph of her breasts. K.D. said she was nervous and scared but Jennifer and Sanders talked her into allowing him to take photos of her breasts. K.D. said that Jennifer Sanders showed her a book with pictures of girls with bare breasts and she recognized some of the girls in the photographs.
>
> K.D. testified that Jennifer Sanders ran water into the tub and she and K.G. got in the tub with Jennifer. K.D. said that Sanders started taking photographs of them in the tub. Sanders gave Jennifer Sanders a dildo which she used on K.D. and K.G. while Sanders continued to take photographs, directing them and telling them what to do. K.D. also testified that Sanders exposed himself to the girls while they were in the bathtub. After the girls got out of the bathtub, Sanders showed them a pornographic DVD.
>
> When K.D. left the Sanders's house the next morning, Jennifer Sanders told her not to tell anyone about what happened the night before. However, about two weeks later, K.D. told her sister and the sister called the sheriff's office.
>
> K.G., 13, testified that she and some of the other girls who were friends of Jennifer's daughter would go to the Sanders's house and drink and smoke marijuana. She said that both Darrell and Jennifer Sanders were present when this happened. K.G. also testified about the bathtub incident with Jennifer Sanders using the dildo and said

there was a book with pictures of girls' breast, including hers.  K.G. described another incident with Darrell and Jennifer Sanders when they used sex toys and Sanders told them how to pose while he took photographs.

The State introduced photographs found on the laptop computer in Sanders's patrol car of the incidents that K.G. and K.D. described.  There were also pictures of several minors and an adult friend of Sanders's playing with sex toys in provocative poses.

Officers found the photo album with pictures of young girls in Jennifer Sanders's car.  Officers searched the Sanders's residence and found marijuana pipes, pornography, "sexual devices," and "Teenage Fantasies" videos.  The camera used to take some of the photographs described by the witnesses was seized from Sanders's patrol car.

A neighbor testified that he went to the Sanders's house one night during a party and there were young girls drinking and Sanders was "groping on the girls" and "grabbing their butts."  There was additional testimony of underage drinking and marijuana use; and seeing the book with pictures of several of the victims' breasts.

S.H., who was 13 at the time of the events described, testified that she was at the Sanders's house on the night in question and drank alcohol and smoked marijuana.  She said that she did not remember anything after she smoked marijuana.  S.H. stated that she woke up in Jennifer and Darrell Sanders's bedroom the next morning.  She was scared and immediately left the house.

K.S. who was 16 at the time, sated that she was at the Sanders's house Saturday or Sunday over Labor Day weekend and at one point she saw Darrell Sanders having sex with S.H., who was passed out on the bed.

Jennifer Sanders testified and admitted that she was present when her husband took pictures of her daughter's and her daughter's friends' breasts.  Sanders admitted that she and Darrell allowed the underage teenagers to drink and smoke marijuana in their home.  She admitted that she and two of the girls got in the bathtub and used the dildo while Sanders took photographs.  The State introduced the photographs of the girls and Jennifer Sanders in the bathtub.

Sanders testified in his own defense.  He denied giving marijuana or alcohol to teenagers and said that he was unaware his wife was doing so.  Sanders denied taking the photographs of the girls' bare breasts and denied doing any of the other acts for which he was indicted.

The case went to the jury and Sanders was found guilty on all counts.

<u>Sanders</u>, No. A07A2429  (Ga. App. Feb. 5, 2008).

## NEED FOR AN EVIDENTIARY HEARING

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2244, if an applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that: (A) the claim relies on: (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2). After a review of the record in this case, and in light of the above fact statement, no evidentiary hearing is warranted in this case.

## LEGAL STANDARDS

In accordance with the provisions of 28 U.S.C. § 2254(d), this court is prohibited from granting relief with respect to any claim adjudicated on the merits in state court proceedings unless that adjudication either: (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Williams v. Taylor, 529 U.S. 362, 402-13 (2000).

A state court decision is "contrary to" clearly established federal law if either "(1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir.2001). An

"unreasonable application" of clearly established federal law may occur if the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case." Id. "An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Id. Moreover, when a "state court's application of federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

## DISCUSSION

In Ground One, Petitioner alleges that the trial court improperly admitted highly prejudicial "bent of mind" evidence in violation of the Due Process Clause of the Constitution and of the United States and the laws of the State of Georgia. In Ground Two, Petitioner alleges that the trial court improperly admitted highly prejudicial "bathtub photos" in violation of the Due Process Clause of the Constitution of the United States and the laws of the State of Georgia. Though Petitioner raised both of these evidentiary issues on direct appeal, the arguments were based solely upon state law grounds. Consequently, both of Petitioner's federal claims are unexhausted and procedurally defaulted. Additionally, Petitioner's claims, under both federal and state law grounds, lack merit.

On direct appeal, Petitioner contended that the trial court improperly admitted pornographic materials found at his home to establish Petitioner's bent of mind to engage in sexual activities with teenagers. Petitioner claimed that the actors in the commercial and home videos were of legal age, and as such the videos were irrelevant to the offense of sexual exploitation of minors. Resp.'s Ex. A, p. 12 (Doc. 9-1). The Court of Appeals found the argument to be without merit, finding that the trial court did not abuse its discretion in admitting the evidence. Sanders, No. A07A2429, at 6.

Specifically, the Court of Appeals found that the commercial videos titled "Teenage Fantasies" portrayed females who appeared to be teenagers, and that the videos showed a sexual interest in teenage girls and "were relevant to show [Petitioner's] bent of mind to engage in that type of sexual activity." Id. The Court of Appeals also found that the home videos appeared to be directed by Petitioner, and as such were admissible to show his disposition to engage in that activity. Id. (citing Summage v. State, 546 S.E.2d 910 (Ga.App. 2001)). Petitioner did not argue that the admission of the evidence violated his rights under the United States Constitution.

Petitioner also contended on direct appeal that the trial court improperly admitted "Bathtub Photos" of Jennifer Sanders and two minor girls in the bathtub because the state did not produce the photographs prior to trial. Resp.'s Ex. A, p. 13-14 (Doc. 9-1). The Court of Appeals found the argument to be without merit because "[t]here was no abuse of discretion in the admission of the photographs. The trial court found that the State had not acted in bad faith because there was no evidence that the State knew of the existence of the photographs until they were retrieved. The trial court offered [Petitioner] a continuance and order curative instruction be given to the jury. This was sufficient." Sanders, No. A07A2429, at 9 (citing Mullins v. State, 599 S.E.2d 340 (Ga.App. 2004). Petitioner did not argue that the admission of the evidence violated his rights under the United States Constitution.

Because Petitioner failed to raise his grounds as federal due process claims in the state proceedings, those federal claims are unexhausted. A federal court may not consider an application for writ of habeas corpus on behalf of a person in state custody unless the petitioner has first exhausted his remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A). To exhaust state remedies, a petitioner must "fairly presen[t] claims to the state courts in order to give the State the opportunity

to pass upon and correct alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995). "A petitioner must alert state courts to any federal claims to allow the state courts an opportunity to review and correct the claimed violations of his state rights." Jiminez v. Fla. Dept. of Corrections, 481 F.3d 1337, 1342 (11th Cir. 2007). In the state proceedings, therefore, the petitioner must not only set out the facts to support his federal claim, but also "must make the state court aware that the claims asserted present federal constitutional issues." Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998). The record in this case shows that Petitioner did not assert federal constitutional issues related to the admission of the bent of mind evidence or "Bathtub Photos" in his direct appeal, but raised only arguments of state law.[2]

Petitioner's federal due process claims in both grounds are not only unexhausted, but are also procedurally defaulted. Were Petitioner to attempt to raise the issues in the context of a violation of federal law in a state habeas corpus action, the state court would find them to be procedurally defaulted under Georgia's statue governing habeas corpus petitions, O.C.G.A. § 9-14-48(d), which requires Petitioner to raise all issues on appeal prior to raising them in a state habeas corpus petition.

Where, as here, procedural default bars litigation of a constitutional claim in a state court, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice, Engle v. Issac, 456 U.S. 107, 129 (1982), or a showing that a fundamental miscarriage of justice

---

[2] The Court notes that Petitioner made a passing reference to the United States Constitution in his motion for reconsideration to the Court of Appeals. Upon review of Petitioner's briefs and other filings in support of his state direct appeal, Petitioner cited only state law. Petitioner's reference in his motion for reconsideration was not sufficient to "fairly present" the constitutional claims to the state courts in order to satisfy the exhaustion requirement. See Zeigler v. Crosby, 345 F.3d 1300, 1307 (11th Cir. 2003); Isaacs v. Head, 300 F.3d 1232, 1254 (11th Cir. 2002). Further, if Petitioner had clearly presented a federal constitutional argument in his motion for reconsideration, the argument would have come too late. In Georgia, an appellant "may neither extend the facts of his case nor enlarge upon his cause of action" in a motion for reconsideration. Berman v. Rubin, 227 S.E.2d 802, 807 (Ga.App. 1976).

would occur if the federal court did not consider the claim. Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991). In this case, Petitioner has failed to show cause for the failure to bring his constitutional claim in state court. Petitioner has alleged that his appellate counsel[3] caused the procedural default by failing to raise the evidentiary issues as federal constitutional claims in state court. "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for procedural default." Murray v. Carrier, 477 U.S. 478, 486 (1986). Accordingly, the failure of Petitioner's counsel to raise the appellate issues under both federal and state grounds is not sufficient to establish cause. Additionally, Plaintiff has failed to show that a miscarriage of justice would occur if the federal court did not consider his claim.

Furthermore, Petitioner's claims, under both federal and state law grounds, lack merit. Generally, federal courts in habeas corpus actions "are not empowered to correct erroneous evidence rulings of state trial courts." Boykins v. Wainright. 737 F.2d 1539, 1543 (11th Cir. 1984). To obtain habeas relief based on a state court's evidentiary ruling, a petitioner must show that the ruling rendered the proceeding "fundamentally unfair." Id. at 1544. "A denial of fundamental fairness occurs whenever the improper evidence 'is material in the sense of a crucial, critical, highly significant factor.'" Snowden, 135 F.3d at 737 (quoting Osborne v. Wainwright, 720 F.2d 1237, 1238 (11th Cir. 1983)).

The state appellate court found that the admission of the pornographic videos and bathtub photos was consistent with Georgia state law. The state appellate court found that the trial court

---

[3] Petitioner's appellate counsel filed Petitioner's instant habeas petition. Petitioner makes his assertion that it was his counsel who caused his claims to be procedurally defaulted in his motion to stay proceedings.

properly admitted the commercially produced pornographic videos because they showed an interest in teenage girls and demonstrated Petitioner's bent of mind to engage in that type of activity. The state appellate court also found that the trial court properly admitted the homemade pornographic videos that were directed by Plaintiff because they showed Plaintiff's bent of mind to engage in that type of activity. Additionally, the state appellate court found that the trial court properly admitted the bathtubs photos at trial. The state appellate court determined that the defense was given an opportunity to inspect the photographs prior to their admission, and that there was no evidence of bad faith or a deliberate attempt to circumvent the discovery process by the State. There has been no demonstration that the state appellate court's findings were unreasonable in light of the evidence or contrary to or the result of unreasonable application of clearly established federal law. Consequently, the state appellate court's decisions are entitled to deference.

Even if the videos and photographs were improperly admitted, the evidence was not sufficiently material to impact the fundamental fairness of the proceedings. The videos were offered to show that Petitioner had a bent of mind to engage in sexual activities with teenage girls. In addition to the admission of the videos, the State introduced testimony from multiple teenage girls who testified that they were photographed nude by Petitioner. Additionally, Petitioner's wife testified that the photographs were taken by Petitioner and that she engaged in sexual activities with teenage girls while Petitioner took photographs. The bathtub photographs were admitted as physical evidence to which witnesses had previously testified. The State's case was primarily based on the testimony of these witnesses and corroborating circumstantial evidence. In view of Petitioner's failure to demonstrate that the trial court's decisions rendered the proceedings fundamentally unfair, and in addition to exhaustion and default issues discussed above, Petitioner is not entitled to relief.

CONCLUSION

Because Petitioner has failed to demonstrate that any claim adjudicated on the merits in the state court resulted in a decision that was: (1) unreasonable in light of the evidence; or (2) contrary to or the result of an unreasonable application of clearly established federal law as determined by the United States Supreme Court, **IT IS RECOMMENDED** that his petition be **DENIED**. In light the above recommendation, Petitioner's motion to stay is **DENIED** as moot.[4]

Pursuant to the requirements of Section 2254 Rule 11(b), it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 17th day of February, 2012.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

---

[4] Additionally, Petitioner filed his motion to stay while he was still represented by counsel. The court is not required to consider pro se motions filed by a petitioner that is represented by counsel. See Cross v. U.S., 893 F.2d 1287, 1292 (11th Cir. 1990).